Hon. JOHN S. TENNEY, ll.d. } Associate
Hon. SAMUEL WELLS, } Justices.

## DENNETT *versus* GOODWIN.

The exception, in favor of *witnessed* notes, in the statute of limitations, applies only to notes made *payable in money.*

A witnessed note, made payable in money *or* in mechanic's work, is not within the exception, although the *election* whether to take the money or the work, was in the *payee.*

Thus, one gave a witnessed note payable in *one year* in money, or *on demand,* if called for in *blacksmith's work; Held,* the limitation bar applies, although the payee, by not calling for the work and by bringing suit upon the note, elected to take the money.

ASSUMPSIT on a note dated in 1833, promising the plaintiff to pay him forty dollars in one year, or on demand, if called for, in blacksmith's work. The writ is dated in 1848.

The defendant relied upon the statute of limitations.

The case was submitted for a legal decision.

*C. A. Everett,* for plaintiff, cited 1 Metc. 21; 1 Kelley, 319; 7 Metc. 588.

*J. Crosby,* for defendant.

HOWARD, J. — The plaintiff declared on an instrument in writing, in tenor as follows: — "Milo, December 9, 1833. For value received, I promise to pay Daniel Dennett, or order, forty dollars in one year, and interest, or payable on demand if called for in blacksmith's work at cash price.

"Thomas J. Goodwin.

"Witness, P. P. Furber."

The suit was commenced January 17, 1848, and the defendant pleaded the general issue, and the statute of limitations, but admitted, that the note was duly executed. This was all the evidence in the case, presented by the agreed statement of facts.

The limitation of six years, prescribed by the statute of 1821, c. 62, § 7, is relied upon in defence, as a bar to the action. But the plaintiff attempts to avoid the bar presented, under the provisions of § 10, of the same statute, which are : "That this Act shall not extend to bar any action hereafter brought upon any note in writing, made and signed by any person or persons, and attested by any one or more witnesses, whereby such person or persons has promised, or shall promise to pay any other person or persons, any sum of money mentioned in such note, but all actions upon such note or notes, brought by the original promisee, his executor or administrator, shall and may be maintained as if this Act had never been made, any thing herein contained to the contrary notwithstanding."

This instrument, though denominated a note, in common parlance, does not contain a promise to pay *money absolutely and unconditionally,* and is not a promissory note in the sense of the commercial law. Story on Promissory Notes, § 1, 17, 18, 19 ; Chitty on Bills, c. 12, p. 516 ; Bayley on Bills, c. 1, § 1, 3, 4 ; 2 Black. Com. 467 ; 3 Kent's Com. p. 74, (5th Edition.)

Nor do the provisions of the 10th sect. of the statute referred to, embrace notes of this description, which are payable in money, or other things, in the alternative, although attested

by a witness. *Gilman* v. *Wells*, 7 Greenl. 25; *Commonwealth Ins. Co.* v. *Whitney*, 1 Metc. 21.

The action is, therefore, barred by the statute, and the defendant is entitled to judgment upon the statement of facts.